UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA PERGEAU,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

______________________________/

Case No. 24-11795

F. Kay Behm
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 40)**

## I. PROCEDURAL HISTORY

Plaintiff Patricia Pergeau filed this premises liability and negligence action against the United States on July 11, 2024. (ECF No. 1). Plaintiff tripped on a tablecloth at the Social Security Administration office located in Sterling Heights, MI, causing significant injuries. (ECF No. 38, PageID.799-800). On February 12, 2026, the court granted Defendant's motion for summary judgment, concluding that Plaintiff had not come forward with evidence that Defendant had actual or constructive notice of the condition of the tablecloth. *Id*. Plaintiff now files a motion for reconsideration under

Federal Rules of Civil Procedure 59(e) and 60(b). (ECF No. 40). Defendant has filed a response. (ECF No. 42). For the reasons set forth below, the court **DENIES** Plaintiff's motion for reconsideration.

## II. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." A motion under Rule 59(e) to "alter or amend may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Motions of this kind are not an appropriate vehicle for raising new facts or arguments. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at reconsideration, not initial consideration"). Granting a motion to amend or alter a judgment has been described as "an extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). For this reason, such motions should be granted sparingly. *U.S. ex rel. American Textile Mfrs. Institute, Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998). "To constitute 'newly discovered

evidence,' the evidence must have been previously unavailable." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010). Evidence was previously available if it could have been discovered "with reasonable diligence" prior to the judgment. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614-15 (6th Cir. 2012).

Federal Rule of Civil Procedure 60(b)(1) permits the court to relieve a party from a final judgment based upon "mistake, inadvertence, surprise, or excusable neglect." *Id*. Relief may be granted under Rule 60(b)(1) "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted).

The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). In addition, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

## III. ANALYSIS

Although Plaintiff's motion does not specifically apply any of the grounds listed in Rule 59(e), her arguments suggest that her position is that the court made a clear error of law and that it should consider newly discovered evidence. A clear error of law occurs where the court applied the wrong legal standard, misapplied the correct one, or relied on clearly erroneous findings of fact. *See Auletta v. Ortino (In re Ferro Corp. Derivative Litig.)*, 511 F.3d 611, 623 (6th Cir. 2008). Evidence qualifies as "newly discovered" only if it was "previously unavailable." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 614 (6th Cir. 2010). "Courts in this Circuit do not grant Rule 59(e) relief where a party could have obtained the evidence earlier through due diligence." *Moeller v. Univ. of Toledo*, No. 2:25-CV-12057, 2026 WL 1022409, at *1 (E.D. Mich. Apr. 15, 2026) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001)).

Plaintiff offers photographs that were not previously in the record, but offers no explanation regarding why they could not have been offered during the initial summary judgment phase of the proceedings. "Although newly discovered evidence can warrant relief under Rules 59(e) and 60(b), both rules require that such evidence could not have been discovered/presented before

the court ruling being challenged." *McFarlin v. City of Wayne*, No. 25-CV-12780, 2026 WL 1434862, at *3 (E.D. Mich. May 21, 2026) (citing *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012)). Plaintiff makes no attempt to justify the use of the evidence or to explain why it could not have been discovered/presented earlier. Thus, the court can only conclude that it was available during the summary judgment proceedings and is not "newly discovered" evidence.

Additionally, "the newly discovered evidence also 'must be of such a nature as would probably produce a different result.'" *Doe v. Baum*, 282 F. Supp. 3d 972, 978 (E.D. Mich. 2017) (quoting *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1117 (10th Cir. 2013)). The photographs would not do so here. As Defendant points out, the photographs at issue were taken after Plaintiff's fall, so they are irrelevant to the question of notice. Thus, the court finds that the photographs would not produce a different result than the one initially reached on the issue of constructive notice.

Plaintiff also raises a related issue of alleged spoliation of evidence. Plaintiff claims to have requested three hours of footage before the incident in demand letters delivered at the beginning of the case, thus "giving rise to spoliation and an adverse inference." (ECF No. 40, PageID.825). As

Defendant points out, however, there is no evidence in the record to support Plaintiff's claim that she sent a demand letter and Plaintiff never previously raised the issue of spoliation. Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC,* 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)). If Plaintiff sent such a demand earlier in the case, she clearly could have raised this issue prior to judgment. The court will not address new arguments, such as alleged spoliation of evidence, that Plaintiff could have raised before the summary judgment decision issued.

Plaintiff next argues that Defendant knew or should have known that the tablecloth was draped in a hazardous fashion where multiple employees were working nearby. According to Plaintiff, the record contains multiple pieces of evidence from which a reasonable jury could infer that the tablecloth remained untucked long enough that Defendant should have discovered the hazard:

> The table and tablecloth had been in place in the same location and employees acknowledged the table was "accessible to the public" every day. (ECF 26-6 ¶3; ECF 26-8 ¶2). The tablecloth was

> placed there by SSA employees without any clips or clamps to secure it to prevent movement. The tablecloth draped onto the floor in the lobby adjacent to a walkway near a door and pamphlets on the fall where the public walks. The video footage demonstrates the tablecloth was already extended onto the floor before Plaintiff touched it showing it had existed as a hazard for some period.

(ECF No. 40, PageID.822). These facts, according to Plaintiff, satisfy the standard in *Banks v. Exxon Mobil Corp.*, 725 N.W.2d 455 (Mich. 2007). Plaintiff misstates the holding of *Banks*, saying that it stands for the proposition that constructive notice may arise from the type of hazard or a combination of the hazard and the circumstances, "even absent exact timing evidence." (ECF No. 40, PageID.823. However, the court actually held that "[c]onstructive notice may arise not only from the passage of time itself, but also from the type of condition involved, or from a combination of the two elements." *Banks*, 725 N.W.2d at 455. Plaintiff does not identify how the court erred in its analysis, which considered both the passage of time and the type of condition involved.

Plaintiff next finds fault with the court's conclusion that Defendant need not present evidence of routine or reasonable inspection. Plaintiff says the "real question" is whether a jury could reasonably infer that the hazardous condition existed long enough to be discovered. Plaintiff contends that the answer is yes because the employees ignored the tablecloth and failed to

secure it to the table, there was no routine inspection schedule, and the tablecloth was large enough that its draping would be "obvious" to any passing employee. Plaintiff points to no evidence that any employees "ignored" the condition of the tablecloth in its untucked state and offers no authority suggesting that the "obviousness" of a condition to unidentified employees creates a factual question.

Plaintiff next argues that "where a premises possessor fails to inspect his or her property, or conducts an inadequate inspection, the law will impute knowledge of the dangerous condition to the premises possessor if the dangerous condition is of such a character or has existed for a sufficient length of time that a reasonable premises possessor would have discovered it." (ECF No. 40, PageID.823-24). Notably, the Michigan Supreme Court "has never required *a defendant* to present evidence of a routine or reasonable inspection...to prove a premises owner's lack of constructive notice of a dangerous condition on its property." *Lowrey v. LMPS & LMPJ, Inc.*, 500 Mich. 1, 10 (2016) (emphasis added). And the cases cited by Plaintiff – *Clark v. Kmart Corporation*, 465 Mich. 416, 419-421 (2001), *Serinto v. Borman Food Stores*, 380 Mich. 637, 640-641 (1968) and *Hulett v. Great Atlantic & Pacific Tea Co.*, 299 Mich. 59 (1941) – do not stand for a contrary position regarding

inspection. Instead, as this court held, in order to establish notice, *the plaintiff* was required to demonstrate that "defendant knew about the [the condition of the tablecloth] or should have known of it because of its character or the duration of its presence." *Lowrey*, 500 Mich. at 11. Plaintiff does not dispute the lack of evidence presented by her on the question of duration. Accordingly, the court finds no error with respect to its analysis regarding any duty to inspect.

Plaintiff next asserts that the court erred by treating the lack of prior incidents involving the tablecloth as "dispositive." However, the court did not treat such evidence as "dispositive" of the lack of constructive notice. Instead, the court considered this evidence as part of the record supporting the conclusion that the tablecloth's presence in the lobby was not of such a character that the SSA should have had notice of it. (ECF No. 38, PageID.807-08). Plaintiff's argument is therefore without merit.

For the reasons explained above, the court concludes that Plaintiff has not offered newly discovered evidence that would have changed the outcome of the court's decision and she has failed to point to a clear error of law requiring the court to reconsider its decision under Rule 59(e). Similarly, the

court finds that Plaintiff has not established that the court made a substantive mistake of law or fact under Rule 60(b)(1).

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiff's motion for reconsideration.

**SO ORDERED**.

Date: September 10, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge